IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| King Romano Ra Pharol Beaujayam,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Socrates Peter Manoukian,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 11-05710 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE** |

　　　　Currently before the Court is defendant's motion to dismiss, which is scheduled for hearing on Friday May 18, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Also before the Court is plaintiff's motion for a continuance. (Docket No. 24). Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and DENIES plaintiff's motion for a continuance.

　　　　On November 29, 2011, plaintiff filed his complaint against defendant Manoukian, who is a judge on the Santa Clara County Superior Court. The complaint attempts to allege claims based on actions Judge Manoukian took in two proceedings in Superior Court, which resulted in an unlawful detainer and restraining order being issued against plaintiff. Complaint, ¶ 122. Plaintiff asserts Judge Manoukian's conduct was illegal because: (1) he claims that Judge Manoukian held hearings and issued orders in proceedings after the Judge was recused by default under California Code of Civil Procedure § 170.3(c)(4), which resulted in violations of due process and the Magna Carta (Complaint, ¶¶ 4, 7, 48,

61, 85, 86, 91, 117); (2) he claims that Judge Manoukian refused to recognize the difference between plaintiff Beaujayam and a "Corporate Alter-ego known as WAYNE ROMANO SPRINGFIELD" (Complaint, ¶ 19)[1]; (3) he claims that Judge Manoukian used an all capitalized name without consent (Complaint, ¶¶ 28, 35); (4) he claims that Judge Manoukian illegally used copyrighted names (Complaint, ¶¶ 27, 40); (5) he claims that Judge Manoukian committed "treason" by denigrating the constitution during a hearing (Complaint, ¶¶ 69, 70); (6) and he claims that Judge Manoukian illegally refused to recognize plaintiff as an "11th Amendment" citizen. Complaint, ¶¶ 3, 75, 113.

As an initial matter, plaintiff's complaint must be dismissed because he has failed to allege causes of action against Judge Manoukian. There are no viable causes of action in federal court for the alleged violation of the Magna Carta, the alleged refusal to recognize a plaintiff by a preferred name, the alleged use of an all capitalized name without consent, the alleged use of a copyrighted name in legal proceedings and filings, or the alleged refusal to recognize plaintiff as an "11th Amendment citizen." Nor can plaintiff, as a private individual, bring an action for alleged "treason" against the United States Constitution.

In any event, all of the actions plaintiff complains about were taken by Judge Manoukian in his role as a judge presiding over matters in Santa Clara Superior Court. As such Judge Manoukian is entitled to absolute judicial immunity from suit. A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, *i.e.*, whether it is a function normally performed by a judge, and to (2) the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is judicial include whether the

---

[1] Wayne Springfield was the defendant a civil harassment action in Santa Clara Superior Court, *see* Santa Clara Superior Court Case No. 1-11-CH003700. Plaintiff Beaujayam bases some of his claims on Judge Manoukian's conduct in that civil harassment case. *See* Plaintiff's Request for Judicial Notice (Docket No. 19) at Exhibit D [transcript from proceedings in *Lucatelli v. Springfield*, Case No. 1-11-CH003700].

1 events occurred in the judge's chambers, whether the controversy centered around a case then pending
2 before the judge, and whether the events arose directly and immediately out of a confrontation with the
3 judge in his or her official capacity). "A judge will not be deprived of immunity because the action he
4 took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to
5 liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S.
6 at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles*, 502 U.S. at
7 11 (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435
8 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute
9 immunity).

10 Plaintiff cannot avoid judicial immunity by attempting to argue that Judge Manoukian was acting
11 without jurisdiction in light of the alleged recusal under California Code of Civil Procedure section
12 170.3(c)(4). Plaintiff provides no facts showing that a written verified request seeking Judge
13 Manoukian's disqualification was made in a specific Santa Clara Superior Court case, when that
14 recusal request became effective, and how that recusal applied to the two proceedings that form the basis
15 of plaintiff's current complaints against Judge Manoukian in this Court. Moreover, even if Judge
16 Manoukian should have recused himself under C.C.P. § 170.3 – and there are no facts indicating he
17 should have – the Judge's error would have resulted in his acting "in excess of his authority," not in
18 clear absence of all jurisdiction sufficient to deprive him of judicial immunity.[2]

19 In reaching the conclusion that plaintiff's complaint must be dismissed because it is barred by
20 the doctrine of judicial immunity, the Court has reviewed all of plaintiff's pleadings on file including
21 the contents of the case management statement (Docket No. 8), plaintiff's opposition (Docket No. 15),
22 the affidavit of William Bullock (Docket No. 16) the affidavit of plaintiff (Docket No. 17), plaintiff's
23 memorandum of points and authorities (Docket No. 18), plaintiff's request for judicial notice (Docket

---

[2] If plaintiff believed that Judge Manoukian's rulings were incorrect or that Judge Manoukian should have recused himself, plaintiff's recourse was to seek review of those issues within the California court system. Plaintiff cannot come to federal district court to seek review of the rulings of judges in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

3

1   No. 19), plaintiff's First Amended Complaint (Docket No. 23),[3] and plaintiff's motion for a continuance
2   (Docket No. 24). Review of all of those pleadings confirms that the conduct plaintiff complains of in
3   this case occurred during proceedings in Superior Court and, therefore, is not actionable in light of
4   judicial immunity.[4] As judicial immunity is absolute, and plaintiff cannot state any additional facts to
5   avoid the judicial immunity bar, the complaint is DISMISSED WITHOUT LEAVE TO AMEND. For
6   the same reasons, the Court DENIES plaintiff's motion for a 60 to 90 day continuance to seek counsel.
7   *See* Docket No. 24. Even assuming plaintiff would be able to secure counsel, plaintiff cannot get around
8   judicial immunity by alleging new legal theories or additional facts with the assistance of counsel.

9   For the foregoing reasons, plaintiff's complaint is DISMISSED with prejudice. Plaintiff's
10  motion for a continuance is DENIED.

12  **IT IS SO ORDERED.**

14  Dated: May 15, 2012

            _Susan Illston_
15          SUSAN ILLSTON
            United States District Judge

---

[3] In the Amended Complaint, plaintiff complains that defendant's attorneys committed fraud when they contended plaintiff's opposition was due on a particular date, when it was in fact due days later. *See* Docket No. 23. Plaintiff's request for sanctions for defendant's apparent mistake in calculating the due date for plaintiff's opposition is DENIED. The Court has fully considered all of plaintiff's filings in determining whether he has, or could, state a claim against defendant.

[4] Plaintiff, in his opposition but not in either of his complaints, alleges that Judge Manoukian accepted bribes. *See e.g.*, Plaintiff's Opposition (Docket No. 15) at 3. Plaintiff does not allege any facts regarding the alleged bribes or explain how the alleged bribes were connected to or had any effect on actions the Judge took in his cases. In his request for judicial notice, plaintiff alleged that the Office of the Santa Clara County Auditor confirmed "payments from other than Manoukian's employer of record, the California Judicial Council." *See* Plaintiff's Request for Judicial Notice (Docket No. 19), ¶ 7. Plaintiff asserts that these unidentified – but publicly disclosed by the auditor – "bribes" required Judge Manoukian to recuse himself. *Id.* As discussed above, plaintiff's unsupported position that Judge Manoukian was required to recuse himself does not strip him of judicial immunity for his conduct as alleged by plaintiff in this case.

**United States District Court**
For the Northern District of California